**Constance J. ROEDER, Plaintiff–Appellant,**

v.

**Joseph W. ROGERS, Margaret A. Rogers, Lopinto, Schlather, Solomon & Salk, Raymond A. Schlather, and Daniel L. Hoffman, Defendants–Appellees.**

**Mark Malcolm, II, Defendant.**

**Docket No. 02–7740.**

United States Court of Appeals, Second Circuit.

Feb. 20, 2003.

Edward P. Hourihan, Jr., Harris Beach, LLP, Pittsford, NY, for Appellant.

William H. Helferich, III, Harter, Secrest & Emery, LLP, Rochester, NY, for Appellees.

Present: WALKER, Chief Judge, POOLER Circuit Judge, and GLEESON,* District Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Constance J. Roeder appeals from the district court's May 22, 2002 judgment imposing sanctions of $8,800 against plaintiff's attorney pursuant to Fed.R.Civ.P. (Rule) 11 on the basis that there was no foundation for plaintiff's legal claims. Appellant argues that the district court abused its discretion by ordering sanctions because there was an objectively reasonable basis for the claims of tortious interference with prospect advantage and abuse of process. We disagree.

Rule 11 provides that sanctions can be imposed on an attorney who presents claims that are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2). We review a

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

district court's order of sanctions for abuse of discretion. *Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol,* 194 F.3d 323, 333 (2d Cir.1999). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

■ Roeder's complaint alleges that the defendants tortiously interfered with her effort to sell a parcel of land to Todd Tickner by filing a notice of lis pendens against the parcel. In New York, a plaintiff alleging tortious interference with prospective advantage must show that "(1) there is a business relationship between the plaintiff and a third party; (2) the defendant, knowing of that relationship, intentionally interferes with it; (3) the defendant acts with the sole purpose of harming the plaintiff, or, failing that level of malice, uses dishonest, unfair, or improper means; and (4) the relationship is injured." *Goldhirsh Group, Inc. v. Alpert,* 107 F.3d 105, 108–09 (2d Cir.1997). The district court determined that, contrary to plaintiff's contentions, the lis pendens was based on a legitimate property dispute and therefore had a valid and proper purpose. We agree. A lis pendens simply places prospective purchasers on notice of the rights plaintiff seeks to establish in a legal action. *See In re Estate of Sakow,* 97 N.Y.2d 436, 741 N.Y.S.2d 175, 767 N.E.2d 666, 669 (2002). The filing of a lis pendens was appropriate because the Rogers were seeking to establish title to the property in a state court action. Nor is there any merit to plaintiff's suggestion that the Rogers' purchase of quitclaim deeds from Judith Manning and Suzanne Sprung–Westlake was wrongful. There is nothing wrong with the Rogers' purchase of what-

ever ownership interest Manning and Sprung–Westlake possessed in the parcel. *See* 43A N.Y. Jur. Deeds § 228.

■ Plaintiff's second claim is that the filing of the lis pendens was an abuse of process. In New York, a malicious abuse of process claim can be maintained against a defendant who "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Shain v. Ellison,* 273 F.3d 56, 68 (2d Cir.2001) (citation omitted). For the reasons discussed above, the lis pendens was appropriately filed and therefore cannot be an abuse of process. Similarly, the quitclaim deed—a valid transfer of whatever rights a party possesses to a parcel of real property—cannot constitute abuse of process.

We therefore find that the district court did not abuse its discretion in determining that it was objectively unreasonable for the plaintiff to have filed the claim of tortious interference with prospective advantage and the claim of abuse of process. Because the district court did not err in its determination that plaintiff's claims were objectively unreasonable, we find that it did not abuse its discretion in ordering sanctions against plaintiff's attorney.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**